UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2010 OCT 13  P 4: 30

DEBORAH P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **Timitra L. Boleware,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:10-cv-867 |
| | ) | Plaintiff Demands Trial by Jury |
| **MRS Associates, Inc.,** a foreign corporation, | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and, in addition, state of Alabama common law claims for harassment, negligence, and invasion of privacy (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681, and 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.  Venue in this District is proper in that Defendant transacts business and the conduct complained of occurred in Tallapoosa County, Alabama.

### III. PARTIES

3.  Plaintiff Timitra L. Boleware (hereinafter, "Plaintiff") is a natural person of the age of majority and residing in Tallapoosa County, Alabama.  Plaintiff is a "consumer" as that term

is defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant MRS Associates, Inc. (hereinafter, "Defendant" or "MRS") is a corporation engaged in the business of collecting consumer debts in the state of Alabama. The principal purpose of Defendant is the collection of such debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the *Code of Alabama*, §40-12-80.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

7. On or around December 28, 2009, a representative of Defendant contacted a firm representing Plaintiff with financial matters, The Palmer Firm, P.C., regarding Plaintiff's Capital One account ending in 5350. Implicitly therefrom such communication, Defendant possessed knowledge that Plaintiff had legal representation.

8. As a result therefrom, on January 7, 2010, The Palmer Firm, P.C. forwarded to Defendant, at its correct address, a notice of representation which demanded that Defendant immediately cease and desist any and all communication with Plaintiff regarding this matter.

9. On February 2, and 4, 2010, representatives of Defendant, identifying themselves as "Janel" and "Mary", communicated with The Palmer Firm, P.C. regarding Plaintiff's Capital One account.

10. Notwithstanding, on February 8, 2010, Plaintiff received a collection letter from Defendant regarding this same account.

11. On February 18, 2010, a representative of Defendant again communicated with The Palmer

Firm, P.C. regarding Plaintiff's Capital One account.

12. Incredibly, after being advised of such legal representation both verbally and in writing, on or about February 22, 2010, and March 3, 2010, a representative of Defendant contacted Plaintiff at her residence and, in addition, Plaintiff's parents at their residence, respectively. Prior to such contact, Defendant was advised that Plaintiff did not reside with her parents and, in addition, that Defendant was prohibited from such contact.

13. As stated hereinabove, Defendant, by and through its agents, contractors, employees, or other representatives has repeatedly violated various provisions of the FDCPA in an attempt to collect upon an alleged "consumer debt". Defendant knew or should have know that Plaintiff was represented and, by virtue of such knowledge, acted intentional, willful and malicious with the intent to injure Plaintiff.

14. As a result of the foregoing violations of the FDCPA, federal law, and state law, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, federal law, and state law, and, in addition, actual damages, compensatory damages, statutory damages, punitive damages, costs and attorney's fees.

## V. GENERALLY

15. Due to Defendant's harassing, illegal and abusive tactics, Plaintiff was forced to retain the services of an attorney to represent her in this matter.

16. The facts considered, Plaintiff assumes that Defendant will continue to pursue the alleged debt and, in addition, continue to violate the FDCPA and state law.

17. As a result of the acts alleged hereinabove, Plaintiff has suffered severe distress, mental anguish, headaches, embarrassment, loss of sleep, and was forced to hire the services of an

attorney.

## VI.  CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

18.    Plaintiff incorporates herein by reference each of the foregoing paragraphs.

19.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    a)    Contacting Plaintiff when Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of such attorney's name and address in violation of 1692c(a)(2);

    b)    Contacting Plaintiff after receiving verbal and written demands that Defendant cease further communication with Plaintiff in violation of 1692c(c);

    c)    Contacting Plaintiff's parents at their residence, without the prior consent of Plaintiff, in connection with the collection of the alleged indebtedness in violation of 1692c(b);

    d)    Contacting Plaintiff's parents after Plaintiff demanded that Defendant cease and desist such contact with her parents in an effort to collect the debt rather than obtain locating information in violation of 1692b(3); and

    e)    Contacting Plaintiff's parents when Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of such attorney's name and address in violation of 1692b(6).

20.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages,

compensatory damages, statutory damages, punitive damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

a.    Declaratory judgment that Defendant's conduct violated the FDCPA;

b.    Actual, compensatory and punitive damages;

c.    Statutory damages pursuant to 15 U.S.C. § 1692k;

d.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

e.    For such other and further relief as the Court may deem just and proper.

## COUNT II - NEGLIGENCE

21.    Plaintiff incorporates herein by reference each of the foregoing paragraphs.

22.    Subsequent to receiving notice of Plaintiff's legal representation, Defendant had a duty to refrain from any and all direct contact with Plaintiff.  On multiple occasions, Defendant breached said duty by contacting Plaintiff, via written correspondence and telephonically, rather than contacting Plaintiff's attorneys.

23.    Subsequent to receiving notice that Defendant was to cease and desist from contacting Plaintiff's parents, Defendant had a duty to refrain from such contact.  Defendant breached said duty by contacting Plaintiff's parents at their residence in an attempt to collect upon said alleged indebtedness.

24.    As a proximate consequence of Defendant's negligence, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the

following:

    a.     actual damages;

    b.     compensatory damages and punitive damages; and,

    c.     for such other and further relief as the Court may deem just and proper.

## COUNT III - HARASSMENT

25.    Plaintiff incorporates herein by reference each of the foregoing paragraphs.

26.    As stated hereinabove, Defendant continuously and repeatedly contacted Plaintiff via telephone and written correspondence at both Plaintiff's residence and the residence of Plaintiff's parents.  Such conduct occurred after Defendant was notified of Plaintiff's legal representation and, in addition, after Plaintiff demanded that Defendant cease and desist from any and all further contact with Plaintiff's parents regarding this alleged indebtedness.

27.    Defendant's harassing communications to Plaintiff were willful, intentional and malicious with the intent to injure Plaintiff.

28.    As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against  Defendant for the following:

    a.     actual damages;

    b.     compensatory and punitive damages; and,

    c.     for such other and further relief as the Court may deem just and proper.

## COUNT IV - INVASION OF PRIVACY

29.     Plaintiff incorporates herein by reference each of the foregoing paragraphs.

30.     As stated hereinabove, Defendant illegally and repeatedly intruded upon the seclusion and

solitude of Plaintiff.

31.     Defendant's invasion of Plaintiff's privacy was willful, intentional and malicious with the

intent to injure Plaintiff.

32.     As a proximate consequence of Defendant's invasion of Plaintiff's privacy, Plaintiff has

been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the

services of an attorney to prosecute this matter.

   **WHEREFORE**, Plaintiff prays that judgment be entered against  Defendant for the

following:

   a.     actual damages;

   b.     compensatory and punitive damages; and,

   c.     for such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this the *13th* day of *October*, 2010.

/s/ **Anthony B. Bush**
Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
**Lewis, Bush & Faulk, LLC**
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Phone:(334) 263-7733
Facsimile:(334) 832-4390
Bar Id. #:  ASB-7306-A54B

## DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESSES:

MRS Associates, Inc.
3 Executive Campus, Suite 400
Cherry Hill, NJ 08002

MRS Associates, Inc.
C/o Immerman & Tobin Co., LPA
632 Vine Street, Suite 1010
Cincinnati, OH 45202